FELICE JOHN VITI, Acting United States Attorney (#7007)
JOEY BLANCH, Assistant United States Attorney (# 16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZALMAN BER GOLDBLATT,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br><br>Case No. 2:25-cr-00322-DAK |

☐ The United States is not seeking detention.

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☒ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

# Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

Between February 24, 2025 and February 28 2025, defendant chatted with an undercover officer from Lehi, Utah, who was pretending to be a 13-yo girl. Defendant explicitly discussed having sex with her and they made plans to meet.

During this chat, the UC made it clear that "she" was a 13-year-old girl. She told him she was 13, in the 7th grade, that she hadn't had her period yet, that she'd been grounded and

her phone taken away. In response, defendant said that he liked it that she was "so young," sent her pictures of his own penis, asked her if she could get away from home for hours at a time without getting in trouble, asked for "sexy" pictures of her, and discussed meeting in person for sex. For example, he said "I will definitely have sex with you and other things with you like playing with your tits lick your pussy and have you suck my dick." He also told her that he would penetrate her with his fingers first, so that sex wouldn't hurt.

Throughout their communications, defendant made it clear that he understood she was 13 and that this would be illegal. He initially tried to conceal his identity by using a false name ("Tim"), sent someone else's photo as his own, and lied about his job. He repeatedly discussed how much trouble he could get in, and tried to get proof that the UC wasn't law enforcement. He asked for "custom" photos of her, with the words "I'm 13" written on her arm, so he would know she was real. "It's not that I don't trust you. It's that I'm taking a big risk because you're 13 and I'm driving a long way I don't want to pull up and have cops there or you to be somebody else." He also said, "If you're actually thirteen and a real girl and you don't tell anybody about me, I will not get in trouble. I really want to have fun with you though and I definitely want to see you naked so if the only way to do that is to meet you, I am willing to take the risk as long as I know you are."

After the UC sent the photograph of what appeared to be a 13yo girl with the words "I'm 13" written on her arm, defendant responded, "Oh my God, I'm so happy. I am definitely going to try my hardest to come to you this weekend." The UC then asked defendant for a similar photograph; he then sent her a photograph of himself making the peace sign. This time the photo he sent actually depicted the defendant. When the UC asked him to send it again so she could save it, defendant said "If I'm being honest I would rather you not save it. I don't want my picture to be found on a 13 year old's phone. Later, he message, "I'm still worried about the drive and the fact that you are 13 but it will be ok". When the UC let him know he didn't have to come, defendant responded, "Of course I don't have too but I want to see you so it will be worth it I believe. You are beautiful and willing to get naked with me." He said, "And it's not a bad thing to be cautious when you're planning on meeting an underage girl especially from an anonymous app lol. I'm sorry I just don't want anything bad to happen to either of us."

The two made plans for defendant to drive to Lehi from Las Vegas so they could have sex. The day before the meeting, defendant said "Please be real and not a cop and meet me lol." He also wanted an alternative method of communicating with her, in case the platform they were using figured out what was happening and banned them. Defendant made plans to rent a motel room where they would have sex, and to pick her up in the parking lot of a church she could walk to from her house.

On the day of the meeting, surveillance saw defendant park at the motel and go

inside. At the same time, he messaged the UC, "I just got to the motel I'm walking in and getting a room right now." Surveillance then saw him leave the motel, get back into his car, and drive from the motel to the meeting spot. When he parked he messaged the UC, "I'm here." Shortly thereafter he was arrested.

In defendant's car were condoms and several Plan B pill. Defendant admitted he was the person talking to the UC. He claimed it was just role playing, but this is clearly belied by his statements in the chat, the plan to meet when the UC's mother would be asleep, his fear that the UC was law enforcement, and the fact that he could not simply pick her up at her house or meet at the motel; he had to pick her up in a parking lot.

After defendant's arrest, Lehi police were contacted by police in Las Vegas. They learned that Nevada has an open investigation against defendant for having sex with a 15-year-old girl, and recording it on his phone. Specifically, Lehi police learned that on January 12, 2025, the Las Vegas Metropolitan Police Department (LVMPD) received a call regarding a 15-year-old girl hereinafter referred to as Minor Victim 1 (MV1). MV1 reported that she had met a 34-year-old male online. She only knew this man only as "Tim." Note that "Tim" is the same name defendant used to identify himself when communicating with the UC. MV1 initially told LVMPD that she had lied to "Tim" about her age, telling him she was 18 years old. Later, however, MV1 admitted that she had told "Tim" she was in fact only 15 years old. MV1 stated she had had sexual intercourse with two men, "Tim" and a second adult male ("Male 2"). She said she had sex with the men in order to stay at Male 2's house for the weekend.

On February 2, 2025, MV1 was forensically interviewed. MV1 stated she initially met Tim (defendant) online, using an application that allows the user to communicate with other random users based on geographic location. She did not recall the name of that application but said that Tim (defendant) later instructed MV1 to download a particular chat application in order to communicate with him. MV1 said she had met Tim in person, and they had had sex. MV1 described Tim as a Jewish, 36-year-old white male, 6'00" tall, brown hair, beard, and tattoos. This matches defendant's physical description.

MV1's phone was searched by LVPD. Among other things, a video was found showing defendant engaged in sexual activity with MV1. The video is 4 minutes 44 seconds long and has a Last Modified Date of January 5, 2025. It appears to be associated with the chat application defendant told MV1 to download and use to communicate with him. The video appears to be recorded from the defendant's vantage point. MV1 is topless, exposing her breasts, while defendant is wearing no pants or underwear and his penis is exposed. During the video, defendant orally sodomizes MV1's mouth with his penis, rubs his penis between MV1's breasts, stimulates his own penis with his hand, then ejaculates into MV1's mouth. During the video, defendant can be heard asking, "How old are you?" MV1 responds, "15".

Defendant's face is not visible in the video with MV1. However, the adult male in the video is white, with visible and distinctive tattoos – he has the tattoo of a "V" with a small circle tattooed below the "V," and a picture of an open book tattooed above the "V." Photos taken during his interview with the Lehi PD show that defendant has similar tattoos on his left wrist/forearm.

After the video was found on MV1's phone, she was forensically interviewed again. MV1 was shown a driver's license photo of defendant, and positively identified him as "Tim." She said that he was the one who recorded the video, using his cell phone. MV1 further stated the video was recorded at defendant's brother's house. MV1 stated that after recording the sex act, defendant sent the video to MV1.

During a Utah state search warrant executed on defendant's phone, child pornography was found. A federal search warrant has since been obtained to search for child pornography and for any evidence of production of child pornography involving MV1; child pornography, including the video of MV1 discussed above, was found on his phone.

A warrant for defendant's arrest on Nevada state charges related to MV1 is currently outstanding.

Given the depth of defendant's interest in minors, his travel all the way from Las Vegas to the Lehi area to engage in sex with a minor, and his sexual abuse of an actual 15-year-old, there are no conditions or combination of conditions that will ensure his appearance in court or the safety of the community.

☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification; the federal enticement/travel case involved an undercover officer. While MV1 is an identified victim of the defendant, she is not a victim of the current charges.

DATED this 16th day of September, 2025.

FELICE JOHN VITI
ACTING UNITED STATES ATTORNEY

_/S/ Joey Blanch_____
JOEY L. BLANCH
Assistant United States Attorney